UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA SMITH,

       Plaintiff,

v.                        Case No. 8:13-cv-927-T-33AEP

KRISHNABHTEL, LLC and SANDEEP
MODI,

       Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff Christina Smith's Motion for Entry of Default Judgment (Doc. # 12), which was filed July 2, 2013, in this Fair Labor Standards Act case. In the Motion, Smith requests an order granting default judgment against Defendant Krishnabhtel, LLC in the amount of $3,437.32. For the reasons that follow, the Court grants the Motion.

## I.  Background

Smith worked as a front desk clerk for Defendants Krishnabhtel, LLC and Sandeep Modi from approximately October 2011, to January 2013. (Doc. # 1 at ¶ 2; Doc. # 12-1 at ¶ 4). Smith contends that Defendants improperly compensated her during the tenure of her employment and accordingly filed suit under the Fair Labor Standards Act,

29 U.S.C. § 216(b), and Florida law on April 9, 2013. (Doc. # 1). Smith has voluntarily dismissed Defendant Modi from this action. (Doc. # 14). Thus, Defendant Krishnabhtel, LLC is the sole remaining Defendant in this action.

Smith effected service of the summons and Complaint upon Krishnabhtel, LLC on April 25, 2013. (Doc. # 7). Krishnabhtel, LLC failed to respond to the Complaint and has not participated in this action. On June 19, 2013, Smith filed her Motion for Clerk's default. (Doc. # 8). The Clerk entered Default pursuant to Rule 55(a), Fed. R. Civ. P., against Defendant Krishnabhtel, LLC on June 20, 2013. (Doc. # 11). On July 2, 2013, Smith filed her Motion for Default Judgment against Krishnabhtel, LLC. (Doc. # 12).

In support of the Motion for Default Judgment, Smith tenders a declaration detailing wage and hour violations, including Krishnabhtel, LLC's failure to pay Smith for her last week of employment. In addition, Smith explains that Krishnabhtel, LLC deducted sums for child support payments from her paychecks, but did not remit all of the money to the appropriate state agency. (Doc. # 12-1). In the Complaint, Smith specifically alleges that Krishnabhtel, LLC "deducted the $60 on each paycheck, but kept the money

2

for [itself], which resulted in Plaintiff's rate of pay falling below the minimum wage." (Doc. # 1 at ¶¶ 15-16). Smith asserts that she is entitled to $1,516.16 in unpaid wages, $1,516.16 in liquidated damages, and recoverable costs in the amount of $405.00. Smith's Motion for Default Judgment is silent on the issue of attorney's fees.

## II. **Analysis**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient

basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

Here, based upon the Clerk's entry of default, the well-pleaded and detailed factual allegations contained in the Complaint, Smith's declaration, and the Motion for Default Judgment, the Court determines that the Motion for Default Judgment is due to be granted. The Clerk is directed to enter the Judgment of the Court in Plaintiff's favor and against Krishnabhtel, LLC in the total amount of $3,437.32. This amount is comprised of $1,516.16 in unpaid wages, $1,516.16 in liquidated damages, and recoverable costs in the amount of $405.00.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff's Motion for Entry of Default Judgment (Doc. # 12) is **GRANTED.**

(2)  The Clerk is directed to enter judgment in favor of Plaintiff Christina Smith and against Defendant Krishnabhtel, LLC in the amount of $3,437.32.

(3)  The Clerk shall thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>24th</u> day of July, 2013.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record